IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ESTATE OF AUSTIN HERRICK,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:12CV671DAK<br><br>Judge Dale A. Kimball |

    This matter is before the court on Defendant's Motion to Alter or Amend Judgment requesting this court to alter or amend its Judgment entered in this case March 28, 2016, as amended by the Court's Memorandum Decision and Order on March 31, 2016.  The court concludes that oral argument would not significantly aid in its determination of the present motion.  Therefore, based on the memoranda submitted by the parties and the law and facts relevant to the motions, the Court enters the following order.

### Defendant's Motion to Alter or Amend Judgment

    Rule 59(e) of the Federal Rules of Civil Procedure authorizes a motion to alter or amend a judgment after its entry.  However, "[a] Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  A motion for reconsideration is an "inappropriate vehicle to reargue an issue

previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.  Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  "When supplementing a Rule 59(e) motion with additional evidence, the movant must show either that the evidence is newly discovered [and] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." *Committee For the First Amendment v. Campbell*, 962 F.2d 1517 (10th Cir. 1992) (citations omitted).  "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paracletes*, 204 F.3d at 1012.  A Rule 59(e) motion must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court. *Resolution Trust Corp. v. Greif,* 906 F. Supp. 1446, 1456-57 (D. Kan. 1995)("A party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been raised in the first instance or to rehash arguments previously considered and rejected by the court.").

In its motion, Defendant asserts that this court incorrectly applied Treasury Regulation § 1.911-7(a)(2)(i)(D)(2).  This argument, however, only raises arguments Defendant should have made in the original briefing of Plaintiff's Motion for Summary Judgment.  Defendant raised Treasury Regulation § 1.911-7(a)(2)(i) in its opposition to Plaintiff's motion.  However, it failed to address the subsection relevant to the facts of this case.  It is inappropriate to raise arguments in a motion to alter and amend a judgment that could and should have been raised in connection with the original motion.

In addition, even though Defendant failed to raise the arguments in prior briefing, the court already addressed and rejected Defendant's argument about whether the IRS had discovered that Herrick failed to elect the foreign earned income exclusion. Defendant's present motion merely disagrees with the court's prior analysis, another inappropriate ground for a Rule 59(e) motion. The court previously found that when the IRS prepared substitute tax returns for Herrick, it discovered only that Herrick had failed to pay his taxes, not that Herrick had failed to elect the exclusion. The record demonstrates that the IRS failed to apply the foreign earned income exclusion to the substitute tax returns. There is no evidence in the record that the IRS discovered that Herrick failed to elect the exclusion before Herrick's estate filed a tax return applying the exclusion. The cases Defendant cites in support of its argument, which the court notes were available to Defendant at the time of the briefing of Plaintiff's Motion for Summary Judgment, do not persuade the court to change its prior decision. As the court previously explained, the regulation does not refer to whether the IRS discovered that Herrick failed to file his tax return or pay his taxes, the regulation clearly and specifically states that the IRS must discover that Herrick failed to elect the exclusion. There is no evidence in the record demonstrating that the IRS discovered that Herrick failed to elect the exclusion before the estate filed returns applying the exclusion. Thus, Defendant has not provided any new evidence or law that convinces the court that its prior ruling should be revisited.

Defendant also argues that the court should consider a new argument it advances that the failure to file penalties and the failure to pay penalties assessed against Plaintiff pursuant to 26 U.S.C. § 6651(a) should not be capped at a combined 25% as Plaintiff advocated in its Motion for Summary Judgment. Plaintiff's Motion for Summary Judgment asked the court to determine

the proper refund Defendant owed to Plaintiff and advocated for a combined 25% cap, Defendant did not oppose Plaintiff's argument during the briefing of the summary judgment motion, and this court adopted Plaintiff's position.  Defendant could and should have raised the argument it now raises in the briefing of Plaintiff's motion.  Defendant could have and should have provided an alternative penalty calculation, but it chose not to do so.  Under controlling Tenth Circuit law, it is inappropriate for Defendant to raise the issue in a Rule 59(e) motion.  The court, therefore, concludes that there is no basis for altering or amending its prior ruling.

## CONCLUSION

Based on the above reasoning, Defendant's Motion to Alter or Amend Judgment requesting this court to alter or amend its Judgment entered in this case March 28, 2016, as amended by the Court's Memorandum Decision and Order on March 31, 2016, is DENIED.

DATED this 19th day of May, 2016.

BY THE COURT:

DALE A. KIMBALL
United States District Judge